IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

-----------------------------------------------------x

JEMELIAH SADE SMITH, *et al., on*
*Behalf of themselves and all others*
*Similarly situated*,

                             Plaintiffs            Case No.: 13-cv-00370-SMY-PMF

    v.

VOLKSWAGEN GROUP OF
AMERICA, INC.,

                           Defendant.

-----------------------------------------------------x

## AMENDED FINAL APPROVAL ORDER AND JUDGMENT

Plaintiffs have moved, pursuant to Federal Rules of Civil Procedure 23 (the "Motion") (Doc. 98), for an order and judgment providing for final approval of the settlement of the above-captioned action ("the Action") in accordance with the Settlement Agreement (including its exhibits, the "Agreement"), which sets forth the terms and conditions for a proposed settlement of the Action ("the settlement") and its dismissal with prejudice.

Defendant, Volkswagen Group of America, Inc., does not oppose Plaintiffs' Motions for Final Approval, Class Representative incentive awards in the amount of $2,000, and the award of attorney fees and costs up to $1,780,000.

The Court considered all papers filed and proceedings had herein. Thereafter, due and adequate notice was given to the Settlement Class in compliance with the procedures set forth in the Agreement and the Preliminary Approval Order.

The Court conducted a hearing on October 16, 2014, to consider, among other things, whether the settlement should be approved as fair, reasonable, and adequate, whether Class Counsel's request for approval of attorneys' fees and expenses and Class Representative

incentive awards are reasonable and should be approved by the Court.  Otherwise being fully informed of the premises, and good cause appearing therefore, **IT IS HEREBY ORDERED AND ADJUDGED:**

1.      This Court has subject matter jurisdiction over the Action, and, for purposes of this settlement only, personal jurisdiction over all the Parties, including all Settlement Class Members.

2.      This Final Approval Order and Judgment incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement, unless otherwise defined in this Order.

3.      The Court finds that the Agreement is the product of good faith, arm's-length negotiations by the Parties, and that each Party was represented by experienced counsel.

4.      The Parties dispute the validity of the claims in this litigation, and their dispute underscores not only the uncertainty of the outcome, but also why the Court finds the Agreement to be fair, reasonable, adequate, and in the best interests of the Class Members.  Beyond facing uncertainty regarding the resolution of those issues, by continuing to litigate, Class Members would also face substantial challenges in attempting to certify a class and in surviving an appeal of any class certification order entered in this Action, as well as surviving an appeal of any other rulings rendered during a trial of the Action.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and consistent with due process, this Court hereby approves the Agreement and finds that the Settlement is, in all respects, fair, just, reasonable, and adequate to the Settlement Class Members, and the Parties are hereby directed to perform its terms.

6.     This Court hereby certifies, solely for purposes of effectuating this settlement, the "Settlement Class" defined as follows:

> All current owners or lessees or prior owners or lessees of (A5) Volkswagen Jetta model year 2005 or 2006 vehicles, VIN range from 1K_5M000001 to 1K_6M759703, imported and distributed by Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico ("Class Vehicles").

For purposes of this settlement only, the Settlement Class is certified pursuant to Federal Rules of Civil Procedure 23(b)(3).  Settlement Class Members, as provided for in the notice, had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order.  Excluded from the Settlement Class are those persons listed on Exhibit A attached hereto who validly and timely requested exclusion from the Settlement Class by way of the opt-out procedures set forth in the Preliminary Approval Order and Persons who have settled with and released Defendant from individual claims substantially similar to those alleged in this matter (the "Opt-Outs").

7.     The Court appoints the following attorneys to act as Class Counsel for the Settlement Class: (in alphabetical order by firm) John R. Climaco, John A. Peca, and Patrick G. Warner of Climaco, Wilcox, Peca, Tarantino & Garofoli Co., LPA; Mark J. Geragos of Geragos & Geragos; D. Todd Matthews of Gori, Julian & Associates, PC; Eric D. Holland and R. Seth Crompton of Holland Law Firm LLC; Charles E. Schaffer and Brian F. Fox of Levin, Fishbein, Sedran & Berman; Richard J. Arsenault of Neblett, Beard & Arsenault, and Jordan L. Chaikin of Parker Waichman LLP.

8.     The Court appoints Jemeliah Sade Smith, Scott Butler, Helder deFreitas, Adam Deisenroth, Andrew Geller, Diana Stuckey, Katie Robinson, Ralph D'Alessandro, Robert

Hamill, Johanne Soden, Julia Strickler, Khristina Ulmer, and Monica Watkins as Class Representatives.

9.      The Court appoints Rust Consulting, Inc. as the class action administrator for the settlement of this action.

10.      This Court finds that the Class Notice was provided to the Settlement Class consistent with the Preliminary Approval Order and that it was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and applicable law.

11.      The Court has considered and hereby overrules each objection to the settlement for lack of merit.   To the extent that any objection did not meet the requirements of the Preliminary Approval Order, the objection is additionally overruled on that ground.

12.      This Court dismisses with prejudice on the merits and without costs (except as otherwise provided in the Agreement) the above-captioned Action (subject to retention of jurisdiction to enforce settlement as described in the Settlement Agreement).

13.      Class Representatives, each Settlement Class Member who has not opted out of the Settlement in accordance with the terms of the Agreement, and each of their respective executors, representatives, heirs, successors, bankruptcy trustees, guardians, and all those who claim by or through them or who assert claims on their behalf, will be deemed to have completely released and forever discharged the Released Persons, and each of them, from any and all Released Claims as set forth in the Settlement Agreement.

14.      This Court approves an award to Class Counsel in the amount of $1,750,000 in attorneys' fees and $26,846.57 in costs, to be paid by Defendant within 20 calendar days in accordance 10.3 of the Settlement Agreement.   The Court approves incentive awards of $2,000

to be paid by Defendant to each of the Class Representatives within 20 calendar days in accordance 10.3 of the Settlement Agreement.  Plaintiffs' Class Counsel have authority to distribute the attorneys' fees and costs awarded.  The Court, having presided over the above-captioned action and having considered the materials submitted by Class Counsel in support of final approval of the settlement, as well as their request for attorneys' fees and costs, find the awards appropriate based on the following factors:

> a.  The settlement provides substantial benefits for the class and is fair, reasonable, and adequate.
>
> b.  The requested award of attorneys' fees and out-of-pocket expenses is within the range of reasonable fees for similar class action settlements.
>
> c.  The requested fees are 1.1 times the total lodestar fees of Class Counsel, based on declarations submitted to the Court.
>
> d.  The requested out-of-pocket expenses are well within the range of acceptable expenses for litigation of this type.
>
> e.  This litigation raised numerous questions of law and fact, Class Counsel were opposed by highly skilled defense counsel, the litigation and negotiations were intensely contested through the completion of the Settlement Agreement, and there was substantial risk that Plaintiffs would not prevail on some or all of their claims.
>
> f.  The Settlement was negotiated at arm's-length and without collusion.
>
> g.  The fees, costs, and incentive awards as discussed above will be paid in addition to the benefits provided to the Class and will not diminish any class settlement.

15.  The Released Persons may file the Agreement and/or this Final Approval Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith

settlement, judgment bar, reduction, set-off, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.     Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively, or in any other capacity, are enjoined from commencing or prosecuting against the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to the claims of valid and timely Opt-Outs.

17.     Except as otherwise set forth in the Agreement, without affecting the finality of this Final Approval Order and Judgment in any way, this Court retains continuing jurisdiction to implement the Agreement and to construe, enforce, and administer the Agreement and this settlement, as described in the Settlement Agreement.  Class Counsel will continue in their role to oversee all aspects of the Agreement and settlement.   Upon notice to Class Counsel, Defendant may seek from this Court, pursuant to 28 U.S.C. § 1651(a), such further orders or process as may be necessary to prevent or forestall the assertion of any of the Released Claims in any other forum, or as may be necessary to protect and effectuate the Settlement and this Final Approval Order and Judgment.

18.     If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason whatsoever, this Order and Judgment, and the Preliminary Approval Order, shall be deemed vacated and shall have no force or effect whatsoever.

19.     If an appeal, writ proceeding, or other challenge is filed as to this Final Approval Order and Judgment, and if thereafter the Final Approval Order and Judgment is not ultimately upheld, all orders entered, stipulations made, and releases delivered in connection herewith, or in

the Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

20.     The Parties shall file a final accounting with the Court on or before April 30, 2015.

21.     This Amended Final Approval Order and Judgment replaces and supersedes the Final Approval Order dated November 19, 2014 (Doc. 112).


**IT IS SO ORDERED AND ADJUDGED.**

**DATED:**  December 23, 2014


                                        s/ Staci M. Yandle
                                        **STACI M. YANDLE**
                                        **DISTRICT JUDGE**